IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SEAN PHILLIP CHAMP,**

    Plaintiff,

vs.                                 Case No. 4:11cv563-WS/WCS

**DEPARTMENT OF CORRECTIONS,**
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff Sean Phillip Champ, #Y29434, an inmate within the Florida Department of Corrections and currently incarcerated at Suwannee Correctional Institution, initiated this case on October 25, 2011, by submitting an emergency motion for protection. The document was reviewed and not deemed an emergency, and ruling was deferred. Doc. 3. Plaintiff was directed to submit an *in forma pauperis* motion and a complaint on the proper forms, which were sent to him by the Clerk. In response, Plaintiff filed an "emergency motion for protection" which also requested preliminary injunctive relief. Doc. 4. Plaintiff alleged that after mail from this Court was delivered to him, he prepared a complaint on the forms provided and sent an inmate request for a copy of

the complaint for his file before mailing the original to the Court.  Thereafter, Plaintiff alleges a series of events which, if true, would constitute retaliation and cruel and unusual punishment.  Considering the seriousness of the allegations Plaintiff has presented in this Court, an order to show cause was issued.  Doc. 5.  Responses have now been filed promptly providing sufficient information to the Court concerning Plaintiff's allegations and his history of such allegations in the past.  Doc. 6.

Plaintiff's allegations were so extraordinary that it was believed prudent to give consideration to his claims and ensure Plaintiff's safety.  Thus, unusual procedures were employed in this case to evaluated those claims, and the Court expresses appreciation to counsel for thoroughly and expeditiously investigating these claims.

It is not necessarily true that having cried wolf in the past means a new tale of abuse is false.  Yet such history[1] requires a skeptical view of recurring claims.  In this case, I am satisfied that Plaintiff is not in grave danger of abuse or retaliation and there is no need for an injunction or restraining order.

Plaintiff's allegations of abuse included statements that he was violently and sexually assaulted on November 14, 2011.  Doc. 4.  Plaintiff complained that his injuries, for which he did not seek medical attention due to fear of further retaliation, included "anal tearing and bleeding, possibly about 7-8 broken ribs, an injured neck and

---

[1] Plaintiff has a history of claiming he was sexually assaulted.  Doc. 8, pp. 6-7. Plaintiff has had an extraordinary thirty-three Inspector General investigations opened, "most of which are based upon repeated allegations that he was either sexually harassed or sexually abused by staff or other inmates."  Doc. 6, p. 7.  None of Plaintiff's claims have yet been substantiated, and Plaintiff has admitted that he "lied to staff in order to gain the attention of the Office of the Inspector General."  *Id.*, at 7.

Case No. 4:11cv563-WS/WCS

back, and an injured wrist, and an injured shoulder/collarbone, and a severe concussion."  Doc. 4, p. 4.

Counsel has provided information that, contrary to Plaintiff's claims, he was seen by medical staff on November 14th and could have confidentially reported any abuse. Plaintiff was seen on November 17th by mental health personnel, and on November 18th by psychiatry staff.  Doc. 6, p. 8.  Plaintiff's medical records indicate he was transferred to the Reception and Medical Center on November 29th for a scrotal ultrasound, and upon his return to the Institution, he was examined by an LPN who noted no injuries or illness.  Furthermore, Plaintiff reported no injuries to the nurse.  I concur with counsel's observation that if "Plaintiff sustained the serious injuries that he claims occurred on November 14, such injuries would still have been apparent on 11/17, 11/18, and 11/29 when he had encounters with mental health and medical staff."  Doc. 6, p. 8.  Plaintiff could have received treatment for any injuries had he desired.

Moreover, when he was temporarily transferred to the Reception Center, Plaintiff had an opportunity to report abuse to outside officials, without fear of retribution. Plaintiff could have obtained necessary forms, which he has claimed he has been unable to do.[2]

I find Plaintiff's allegations are not credible based on this record.  Counsel has supplied relevant information, and, while not a witness, attorneys are officers of the court.  Counsel's report is independent of a defendant or correctional officer.  Counsel personally met with Plaintiff and "saw no evidence of severe physical injury or severe

---

[2] It is also clear that Plaintiff's assertion that his complaint was confiscated and he was not provided pen or paper was not true as well.  Doc. 7, p. 3.

physical distress . . . ." Doc. 7, p. 2. Plaintiff's appearance and movements, as relayed by counsel, gave no indication of broken ribs. *Id.* I am grateful to Defendants' counsel, Susan A. Maher, for her very prompt efforts to resolve Plaintiff's allegations.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). Plaintiff's allegations have been contradicted by the evidence presented by counsel. Plaintiff has not shown a substantial likelihood of success on the merits. Therefore, both of Plaintiff's motions for temporary restraining orders, directing his placement into protective management, and transferring Plaintiff to another Correctional Institution should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's emergency motion for protection, doc. 4, and his emergency for a restraining order, doc. 8, be **DENIED**.  It is further **RECOMMENDED** that this case be remanded to me for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 15, 2011.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**